The Honorable Kay O'Connor State Representative, Fourteenth District 1101 N. Curtis Olathe, Kansas 66061
Dear Representative O'Connor:
You request our opinion regarding use of state postage by the State Treasurer to mail holiday greeting cards. You question whether this is a violation of state franking privileges.
K.S.A. 21-3911 provides as follows:
 "(a) It shall be unlawful for any person to use for such person's personal use, or to allow any unauthorized person to use, any form of postage paid for with state funds.
 "(b) Violation of this section shall constitute an unclassified misdemeanor. Upon conviction, any person violating this section may be punished by a fine of not less than fifty dollars ($50) nor more than five hundred dollars ($500)."
There are no reported Kansas appellate court decisions or prior Attorney General opinions interpreting this statute or what is meant by "personal use" as that term is used in this statute. However, there is a similar prohibition in the federal statutes that applies to the use of franked mail by members and members-elect to Congress.39 U.S.C.A. sec. 3210 (West 1993). This federal statute provides in pertinent part:
 "(a)(4) It is the intent of the Congress that the franking privilege under this section shall not permit, and may not be used for, the transmission through the mails as franked mail, of matter which in its nature is purely personal to the sender or to any other person and is unrelated to the official business, activities, and duties of the public officials covered by subsection (b)(1) of this section.
 "(a)(5) It is the intent of the Congress that a Member of or Member-elect to Congress may not mail as franked mail —
. . . .
"(B) mail matter which constitutes or includes —
. . . .
 "(iii) any card expressing holiday greetings from such Member or Member-elect. . . ."
While this federal statute does not apply to state officials or use of state funded mailings, it is indicative of what should be deemed to be a "personal use" for purposes of K.S.A. 21-3911 and serves as a useful guideline in determining whether a particular use is appropriate under the state law. Clearly, the federal law expresses the position that use of public funded postage is not appropriate when mailing holiday greetings such as the cards at issue. We concur. However, because there has been no clear guidance on this issue in the past, we believe that for purposes of prosecution, the guidelines established herein should be given prospective application only.
In conclusion, use of state postage by a state official to mail holiday greeting cards is a personal use violative of K.S.A. 21-3911. Because there has been no clear guidance on this issue in the past, we believe the guidelines established herein should be given prospective application only.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm